FILED
2016 Mar-07  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **DUSTINE TODD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **3:15-cv-01117-AKK** |
| **TERRY WOODS, individually,** ) | |
| **and MICHAEL GEAN,** ) | |
| **individually,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Dustine Todd brings this case against Terry Woods and Michael Gean, alleging violations of his constitutional rights in connection with his arrest in January 2015, as well as a state-law claim of false imprisonment.  Doc. 17.[1]  The defendants now move to dismiss Counts II and III under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Docs. 6, 13.  For the reasons below, the motions will be granted solely as to Count II.

---

[1] Todd filed an amended complaint on September 25, 2015, as part of his response to the defendants' partial motions to dismiss.  Doc. 17.  The amended complaint modified very few allegations of the initial complaint, apparently in an attempt to invoke the exceptions to Alabama's state-agent immunity doctrine.  The defendants subsequently treated the amended complaint as operative, doc. 19 at 1, and the court will do likewise.

## I.  FACTUAL ALLEGATIONS

Todd is an Alabama state trooper in northwest Alabama.  Doc. 17 at 2.  While off-duty one night, some of his friends contacted him to relay that someone had stolen their all-terrain vehicle ("ATV").  *Id*. at 3.  Todd visited his friends that night and consumed three beers.  *Id*. at 4.  Later that night, after receiving several leads about the potential location of the ATV, the group decided to drive to find it.  *Id.*  The group eventually arrived at the home of the suspected thief.  *Id*. at 5-6.  The suspect, holding a rifle, walked out to meet them and informed them that he had called the Lauderdale County Sheriff's Department.  *Id*. at 6.

Defendants Gean and Woods, both sheriff's deputies, soon arrived at the scene.  *Id*. at 6-7.  The defendants administered a breathalyzer test to all present, and Todd registered a .008, well under the customary standard for intoxication.  *Id*. at 7.  A second, later, breathalyzer test registered at 0.  *Id*. at 8.  The defendants searched for outstanding warrants, but found none for Todd.  *Id*. at 7.  The defendants also confiscated Todd's personal side-arm.  *Id*. at 7-8. Ultimately, the defendants arrested Todd for:  public intoxication, disorderly conduct, harassment, and second degree criminal trespass.  *Id*. at 9.  Todd alleges that no probable cause existed to arrest him on any of these charges, *id*. at 8, and that allegedly, Gean told one of Todd's friends that Gean was "going to throw [Todd] under the bus and get him for all I can get him

for." *Id*. at 6-7. Todd spent approximately eight hours in the county jail before posting bond. *Id*. at 10. The sheriff's office pursued formal charges against Todd by requesting that a magistrate issue a warrant, but the magistrate refused because of a lack of probable cause, ending the criminal prosecution. *Id*. at 13.

## II.   ANALYSIS

Based on his arrest, Todd filed suit in this court, alleging three causes of action against the defendants in their individual capacities only. Doc. 1. Specifically, Todd alleges a violation of his rights under the Fourth Amendment under 42 U.S.C. §1983 (Count I); a violation of his Fourteenth Amendment rights, also under §1983 (Count II); and a false imprisonment claim under Ala. Code §6-5-170 (Count III). The defendants now move to dismiss only Counts II and III of the complaint. Docs. 6, 13

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 566 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss based on the defense that the court lacks subject-matter jurisdiction. Facial attacks to jurisdiction are based on the allegations in the complaint, which the court must take as true in deciding whether to grant the motion. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir.2003).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6) the court accepts all factual allegations as true. *See, e.g., Grossman v. Nations Bank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000). However, legal conclusions unsupported by factual allegations are not entitled to that presumption of truth. *Iqbal*, 556 U.S. at 664. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*;

*see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## A.  Count II

In Count II, Todd alleges that the defendants deprived him of liberty and property without due process of law, in violation of the Fourteenth Amendment. In moving to dismiss this claim, the defendants initially read Count II as a claim for violation of Todd's rights to *substantive* due process. Todd, however, responded (and clarified in his amended complaint) that he is only asserting a violation of his *procedural* due process rights. The court will analyze his claim accordingly.

"[A] §1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). Only the last prong is in contention, with Todd contending that the defendants arrested him under constitutionally inadequate process because they did so without witnessing him commit a misdemeanor and without first seeking a probable cause determination from a magistrate. In reviewing Todd's

claim, the court notes as a threshold matter that "[n]othing in [the Fourteenth] Amendment protects against all deprivations of life, liberty, or property by the State. [Rather], [t]he Fourteenth Amendment protects only against deprivations 'without due process of law.'" *Parratt v. Taylor*, 451 U.S. 527, 537 (1981) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). "The fundamental requirement of due process is the opportunity to be heard and it is an 'opportunity which must be granted at a meaningful time and in a meaningful manner.'" *Parratt*, 451 U.S. at 540 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Ordinarily, "due process requires a predeprivation hearing before the State interferes with any liberty or property interest enjoyed by its citizens." *Parratt*, 451 U.S. at 537. In some circumstances, however, "postdeprivation remedies made available by the State can satisfy the Due Process Clause." *Id.* at 538. In those cases, "either the necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, can satisfy the requirements of procedural due process." *Id.* at 539. The dividing line, as recognized by the Eleventh Circuit, is the feasability of the state's provision of a predeprivation remedy. *Rittenhouse v. DeKalb Cty.*, 764 F.2d 1451, 1455 (11th Cir. 1985).

In this case, the defendants correctly argue that predeprivation process was not feasible and was therefore not required. When the defendants responded to the call, they were confronted with a group of people late at night accusing an armed homeowner of theft. The situation plainly "necessit[ated] quick action," rendering "impractica[l] any meaningful predeprivation process." *Parratt*, 451 U.S. at 539. The defendants simply did not have the opportunity to attempt to obtain a warrant before acting, and Todd does not seriously contend to the contrary. Instead, Todd claims that the defendants provided him inadequate postdeprivation remedies. The pleadings, however, belie Todd's contentions. Most notably, the defendants could not hold Todd in custody without subsequent approval by a magistrate, which the magistrate denied. Doc. 1 at 13. Moreover, because the magistrate found no probable cause in this case, Todd has faced no further prosecution. *Id*. Significantly, to the extent Todd sustained any damages from his initial arrest, they are remediable by assertion of a state-law tort, such as the false imprisonment claim Todd has made in this case. *Id*. at 19-22. The court is not persuaded by Todd's contention that the immunity from state-law claims potentially available to the defendants deprives him of adequate damages because "a state does not deny procedural due process simply by granting reasonable tort immunity to state entities and officials." *Rittenhouse*, 764 F.2d at 1458. To the contrary, "the sovereign immunity enjoyed by [the defendants]

does not render appellant's state law remedy inadequate under *Parratt*." *Id.* at 1459. Therefore, based on the pleadings the court holds that the defendants provided Todd with adequate due process of law, and that Count II is due to be dismissed.

## B. Count III

In moving to dismiss Todd's claim of false imprisonment, the defendants invoke the absolute immunity provision found in §14 of the Alabama Constitution. However, agents of the state sued in their individual capacities do not enjoy absolute immunity under §14.[2] Therefore, the motion to dismiss Count III is due to be denied.

### III.   CONCLUSION

In sum, the motions for partial dismissal are due to be granted as to the §1983 claim under the Fourteenth Amendment (Count II), but denied as to the false

---

[2] Defendants sued in their individual capacity "enjoy only *qualified* immunity from suit" as stated in *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000). *Ex parte Dangerfield*, 49 So. 3d 675, 682 (Ala. 2010) (quoting *Burgoon v. Ala. Dep't of Human Res.*, 835 So. 2d 131, 133 (Ala. 2002)). Moreover, "[u]nder the *Ex parte Cranman* restatement, State agents are not entitled to immunity if they have acted willfully, maliciously, fraudulently, in bad faith, or were not exercising their judgment in the manner set forth in the examples in *Cranman*." *Id.* (internal citations and quotations omitted). In any event, even if Defendants had invoked the *Cranman* state agent immunity defense their motion would still fail because "a motion to dismiss is typically not the appropriate vehicle by which to assert . . . State-agent immunity and . . . normally the determination as to the existence of such a defense should be reserved until the summary-judgment stage, following appropriate discovery." *Id.* (quoting *Ex parte Ala. Dep't of Youth Servs.*, 880 So. 2d 393, 398 (Ala. 2003)) (emphasis removed). "This is so because the question whether a State agent was acting 'willfully, maliciously, fraudulently, in bad faith,' or was not 'exercising . . . judgment in the manner set forth in the examples in *Cranman*,' is generally *fact specific*." *Id.* (quoting *Howard v. City of Atmore*, 887 So. 2d 201, 205 (Ala. 2003)).

imprisonment claim (Count III).  A separate order in line with this memorandum opinion will be entered.

**DONE** the 7th day of March, 2016.

_/s/ Abdul Kallon_

**ABDUL K. KALLON**

UNITED STATES DISTRICT JUDGE